1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   WENDI-MAE DAVIS,                          No.  2:20-cv-00799-KJM-AC

12              Plaintiff,

13        v.                                   ORDER

14   FCA US LLC, et al.,

15              Defendants.

16

17              In this case involving plaintiff's allegedly defective vehicle, plaintiff moves to

18   remand on the basis that defendants have failed to show removal was proper.  For the reasons

19   below, the court GRANTS plaintiff's motion to remand.

20   I.        BACKGROUND

21              On or around September 26, 2015, plaintiff Wendi-Mae Davis ("plaintiff")

22   purchased the vehicle in question, a 2015 Chrysler 300, from defendant FCA U.S. LLC ("FCA").

23   Notice of Removal Ex. A, ECF No. 1 at 15 (plaintiff's state court complaint).  Plaintiff claims she

24   received express written and implied warranties from FCA as part of her purchase, including a

25   warranty that if a defect developed with the vehicle during the warranty period, defendants'

26   representative would repair the vehicle.  *Id.* at 15.  Plaintiff alleges these problems, of which FCA

27   was aware and failed to disclose, derive from the "PowerNet," the vehicle's "electrical

28   architecture."  *Id.* at 16–36.  Plaintiff claims she learned about the vehicle's following defects

                                              1

1  during the warranty period: electrical system defects, U-connect system malfunctions, defects

2  involving the SD card, defects leading to shift failures, defects requiring the flashing of the

3  powertrain control module ("PCM"), and defects involving the bulb and cannister. *Id.* at 15–16.

4  Upon discovering these defects, plaintiff delivered her vehicle to Cappo Management XXXIII**,**

5  Inc., doing business as Folsom Lake Chrysler Dodge Jeep Ram ("FLCDJR"). *Id.* at 43. Plaintiff

6  claims FLCDJR breached its duty to "use ordinary care and skill by failing to properly store,

7  prepare and repair the Subject Vehicle in accordance with industry standards," causing damages.

8  *Id.*

9         Following these alleged events, on March 16, 2020, plaintiff filed her complaint in

10  Sacramento County Superior Court. *Id.* at 13. Against FCA, she alleges fraudulent inducement,

11  breach of the implied warranty of merchantability, breach of the express written warranty, failure

12  to comply with California Civil Code § 1793.2(a)(3), failure to comply with California Civil

13  Code § 1793.2(b), and failure to comply with California Civil Code § 1793.2(d). *Id.* at 36–43.

14  Against FLCDJR, plaintiff alleges negligent repair. *Id.* at 43. On April 17, 2020, defendants

15  filed with this court a Notice of Removal of the Sacramento Superior Court Case, No. 34-2020-

16  00277629. Notice of Removal ("NOR"), ECF No. 1, at 1–2. On June 5, 2020, plaintiff moved to

17  remand this action to the Superior Court. Mot. to Remand ("Mot."), ECF No. 8-1. On July 10,

18  2020, defendants filed an opposition to plaintiff's motion. Opp'n, ECF No. 10. On July 16,

19  2020, plaintiff filed a reply. Reply, ECF No. 12.

20         Defendants removed the action to this court on the basis of diversity jurisdiction,

21  arguing diversity of citizenship exists between defendants and plaintiff and the amount in

22  controversy exceeds $75,000. NOR ¶ 3; *see also* 28 U.S.C. § 1332(a). Plaintiff now moves to

23  remand this action arguing defendants fail to demonstrate diversity jurisdiction. Mot. to Remand

24  at 5; Declaration of Daniel Law ("Law Decl."), ECF No. 8-2 at 2 (attorney for plaintiff outlining

25  timing of instant motion and his meeting with defendants' counsel); *see also* Pl.'s Ex. 1, ECF No.

26  8-3 (emails between counsel for both parties prior to plaintiff filing instant motion). Plaintiff

27  argues defendant FLCDJR is non-diverse and disputes defendants' argument FLCDJR is

28  /////

2

1   "fraudulently joined."  Mot. at 5.  Additionally, she argues defendants have failed to meet their

2   burden of showing an amount-in-controversy greater than $75,000.  *Id.*

3   II.    LEGAL STANDARD

4          A.    Joinder

5                Under Federal Rule of Civil Procedure 19, persons "subject to service of process

6   and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a

7   party if […] that person claims an interest relating to the subject of the action and is so situated

8   that disposing of the action in the person's absence may […] as a practical matter impair or

9   impede the person's ability to protect the interests."  Fed. R. Civ. P. 19(a)(1)(B)(i).  "If a person

10  has not been joined as required, the court must order that the person be made a party."  Fed. R.

11  Civ. P. 19(a)(2).

12         B.    Remand

13                A motion to remand is the proper procedure to challenge a removal based on lack

14  of jurisdiction.  *See* 28 U.S.C. § 1447(c).[1]  Removal is only proper when (1) the case presents a

15  federal question or (2) there is diversity of citizenship between the parties and the amount in

16  controversy exceeds $75,000.  *See* 28 U.S.C. §§ 1331, 1332(a).

17                Diversity of citizenship between the parties exists when the civil action is between

18  "citizens of different states."  28 U.S.C. § 1332(a).  When a corporation is one of the parties in a

19  civil action, "corporation shall be deemed to be a citizen of every State and foreign state by which

20  it has been incorporated and of the State or foreign state where it has its principal place of

21  business."  *Id.* § 1332(c)(1).

22                The amount in controversy is an "estimate of the total amount in dispute."  *Lewis*

23  *v. Verizon Communications, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).  It is not "a prospective

24  assessment of defendant's liability."  *Id.*  In this circuit, when the amount of damages is

25

26          ───────────────────────

            [1] A motion to remand the case on the basis of any defect other than lack of subject matter
27  jurisdiction must be made within 30 days after the filing of the notice of removal under section
    1446(a). If at any time before final judgment it appears that the district court lacks subject matter
28  jurisdiction, the case shall be remanded.

1    unspecified, the removing party must show by a preponderance of the evidence that the amount in

2    controversy exceeds the jurisdictional threshold. *Id.* at 397; *Sanchez v. Monumental Life Ins. Co.*,

3    102 F.3d 398, 404 (9th Cir. 1996) ("Under this burden, the defendant must provide evidence

4    establishing that it is 'more likely than not' that the amount in controversy exceeds [the

5    jurisdictional amount].").

6    III.    <u>DISCUSSION</u>

7             In her motion to remand, plaintiff argues defendants fail to meet their burden of

8    showing diversity of citizenship between the parties and that damages will exceed $75,000.  Mot.

9    at 2.  The court analyzes these arguments and defendants' responses below.  As a threshold

10   matter, the court finds plaintiff filed this motion in a timely manner.  Even though plaintiff filed

11   the motion on June 5, 2020, more than 30 days after defendants filed their notice of removal on

12   April 17, 2020, plaintiff's motion falls under an exception to the timeliness rule because she

13   brings this motion on the basis of lack of subject matter jurisdiction.  28 U.S.C. § 1447(c).

14            The court next focuses on whether plaintiff improperly joined one of the

15   defendants, which implicates the requirement for diversity of citizenship between the parties.  For

16   the reasons set forth below, the court agrees with plaintiff and finds defendants did not meet their

17   burden at removal.

18            A.    <u>Fraudulent Joinder</u>

19            Defendants have failed to establish fraudulent joinder, which requires showing

20   either "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff[s] to

21   establish a cause of action against the non-diverse party in state court." *Grancare, LLC v.*

22   *Thrower by and through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (quoting *Hunter v. Philip*

23   *Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009) (citations omitted)).  Here, defendants base

24   their argument on the second factor, relying on plaintiff's alleged inability to state a cause of

25   action against FLCDJR.  NOR ¶¶ 30–43; *see also* Opp'n at 18.

26            "[I]f there is a possibility that a state court would find that the complaint states a

27   cause of action against any of the resident defendants, the federal court must find that the joinder

28   was proper and remand the case to the state court." *Hunter*, 582 F.3d at 1046 (quoting *Tillman v.*

4

1   *R.J. Reynolds Tobacco*, 340 F.3d 1277, 1279 (11th Cir. 2003) (per curiam)).  Other courts, in

2   considering cases akin to this one, have ruled a plaintiff stated a possible cause of action against

3   both the vehicle manufacturer and the vehicle distributor who negligently repaired plaintiff's

4   faulty car.  *See Wittinger v. Ford Motor Co.*, No. 2:18-cv-03214 WBS, 2019 WL 1993983 at *2–

5   3 (E.D. Cal. May 6, 2019) (granting plaintiffs' motion to remand and finding plaintiff stated cause

6   of action against both Ford Motor Company and Auburn Ford); *Wadlow v. Ford Motor Co.*, No.

7   2:18-cv-02016 MCE, 2019 WL 1773489 *3–4 (E.D. Cal. Apr. 23, 2019) (granting plaintiff's

8   motion to remand and finding plaintiff stated cause of action against both Ford Motor Company

9   and Elk Grove Ford in case involving similar allegations of negligent repair).

10           The court is not persuaded that plaintiff has failed to state a cause of action against

11   FLCDJR.  As pled, plaintiff's complaint states she experienced defects in her vehicle during the

12   warranty period, so she brought her vehicle to FLCDJR for repairs and FLCDJR then allegedly

13   breached the standard of ordinary care, which caused damages to plaintiff.  NOR Ex. A at 10.

14   Accepting these allegations as true, plaintiff has stated a claim for relief against FLCDJR for

15   negligent repair, supporting remand.  *See Lytle v. Ford Motor Co.*, No. 2:18-cv-1628 WBS, 2018

16   WL 4793800 at *2 (E.D. Cal. Oct. 2, 2018) (holding plaintiff alleged sufficient facts to support

17   negligent repair claim when plaintiff alleged defendant Folsom Lake "repaired his vehicle on

18   numerous occasions and that, during those repairs, it failed to act in accordance with relevant

19   industry standards, causing plaintiff damage."); *Barron v. Ford Motor Co.*, No. 2:18-cv-01627

20   MCE, 2019 WL 312351 at *4 (E.D. Cal. Jan. 24, 2019) (defendants "fail to address the possibility

21   that Plaintiffs, given the opportunity to amend, could potentially state a colorable claim for

22   negligent repair against Future Ford" and therefore did not show plaintiff fraudulently joined

23   Future Ford).  Against plaintiff's allegations and the persuasive case law, defense counsel's

24   conclusory declaration is insufficient to salvage defendants' position.  Declaration of Jon D.

25   Universal ("Universal Decl.") ¶ 8, ECF No. 1-3 at 3 ("[m]y extensive experience in opposing

26   these types of cases has been that individual dealerships have not been sued as a matter of course.

27   It is my belief that the instant Plaintiff only sued the named dealership […] in an attempt to defeat

28   diversity and to prevent the matter from being removed to federal court.").

1           Moreover, the economic loss rule does not bar plaintiff's negligent repair claims

2 because they fall under the rule's component exception.  The economic loss rule only allows

3 recovery for a plaintiff in a tort case when a product defect leads to damages to plaintiff's "other

4 property," except when a defective product or part leads to damages to a larger product into

5 which the product or part has been incorporated.  *See Jimenez v. Superior Court*, 29 Cal.4th 473,

6 481–83 (2002) ("California decisional law has long recognized that the economic loss rule does

7 not necessarily bar recovery in tort for damage that a defective product (e.g., a window) causes to

8 other portions of a larger product (e.g., a house) into which the former has been incorporated.").

9 Defendants fail to acknowledge this "component exception," which other courts have applied to a

10 negligent repair claim involving a defective vehicle.  *See Krasner v. Ford Motor Co.*, No. 2:18-

11 cv-01602 TLN, 2019 WL 1428116 at *4 (E.D. Cal. Mar. 29, 2019) ("Defendants have not

12 demonstrated that the economic loss rule bars Plaintiff's negligent repair claim. In the Complaint,

13 Plaintiff alleges deficiencies with several engine components, such as the exhaust gas

14 recirculation cooler, oil cooler, radiator, and fuel injector.") (citations omitted); *Madison v. Ford

15 Motor Co.*, No. 2:19-cv-00853 WBS, 2019 WL 3562386 at *2–3 ("Consistent with the economic

16 loss rule, it is possible that plaintiffs could show that a defect in one component of the vehicle

17 caused damage to other parts of the vehicle.") (citations omitted).

18           There is no basis for defendants' assertions that "it is evident that the claim was

19 only brought to defeat the claim of diversity and removal to Federal Court."  NOR ¶ 35; *see also*

20 Opp'n at 20–21.  The court finds defendants have failed to meet their burden of showing "to a

21 near certainty that joinder was fraudulent" with the plaintiff having "no actual intention to

22 prosecute an action against those particular resident defendants." Mot. To Remand at 11 (citing

23 *Lewis v. Time, Inc.*, 83 F.R.D. 455, 466 (E.D. Cal. Sept. 14, 1979), *aff'd*, 710 F.2d 549 (9th Cir.

24 1983), *rev'd on other grounds*, *Unelko Corp. v. Rooney*, 912 F.2d 1049, 1052–53 (9th Cir.

25 1990)).  FLCJDR is a properly joined defendant.

26 /////

27 /////

28 /////

1        B.      Diversity of Citizenship

2                The court next considers whether there is diversity of citizenship between plaintiff

3    and both FCA and FLCDJR.  As defendants acknowledge, "[a]ny instance of common citizenship

4    prevents federal diversity jurisdiction."  NOR ¶ 24.

5                Plaintiff is a resident of California, which, as defendants concede, means plaintiff

6    is a citizen of California for jurisdictional purposes.  NOR Ex. A at 14; NOR ¶ 27.  FLCDJR is a

7    citizen of both California and Michigan, because it is incorporated under California law and its

8    executive office is in Michigan.  NOR ¶ 30 (citing Mayo Decl. Ex. G (March 7, 2019 filing for

9    FLCDJR with California Secretary of State); Mayo Decl. Ex. H (April 29, 2014 filing for

10   FLCDJR with California Secretary of State)).  Therefore, "common citizenship" exists between

11   FLCDJR and plaintiff.  Because there is an "instance of common citizenship," diversity of

12   citizenship between plaintiff and FCA is irrelevant.  *Compare* NOR ¶¶ 28–29 (defendants'

13   arguments FCA is a citizen of Delaware and Michigan) *with* Mot. at 18–19 (plaintiff's statements

14   FCA is also a citizen of California).  Defendants have not met the requirements for federal

15   diversity jurisdiction.

16       C.      Amount in Controversy

17               Because the court finds diversity of citizenship does not exist between plaintiff and

18   all defendants, the court need not consider plaintiff's arguments and defendants'

19   counterarguments that defendants have not met their burden of showing it is more likely than not

20   the amount in controversy exceeds $75,000.  *See* Mot. at 7–10; *see also* Opp'n at 10–15.

21   Defendants must show they meet both requirements for diversity jurisdiction under 28 U.S.C.

22   § 1332, which they have not.

23   IV.    CONCLUSION

24               Defendants have not demonstrated this court has federal diversity jurisdiction over

25   this dispute.  Therefore, the court GRANTS plaintiff's motion to remand and remands the case to

26   Sacramento County Superior Court.

27   /////

28   /////

7

1          This order resolves ECF No. 8.

2          IT IS SO ORDERED.

3     DATED:  August 25, 2020.

4

5                                   _____
                                    CHIEF UNITED STATES DISTRICT JUDGE
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28